IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TCYK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3927-L |
| | § | |
| DOES 1-20, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff TCYK, LLC ("TCYK" or "Plaintiff") has filed a Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference. *See* Dkt. No. 4. This motion has been referred to the undersigned magistrate judge for determination pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 6. For the reasons set forth herein, Plaintiff's Motion for Leave [Dkt. No. 4] is GRANTED, pursuant to the Protective Order incorporated into this Memorandum Opinion and Order.

## Background

Plaintiff owns the copyright and/or permanent exclusive rights under copyright in the United States to the movie "The Company You Keep" (the "Movie"). Plaintiff contends that 20 Doe Defendants transferred and copied the Movie through a network called a "BitTorrent protocol" or "torrent." Using the BitTorrent protocol, an initial file-provider intentionally shares a file, referred to as a "seed," with a torrent network. Other users on the same network connect to the seed file to download the movie. As

more users request the same file, each additional user becomes a part of the network from which the file can be downloaded. Each new file downloader receives a different piece of the data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from users is normally referred to as a "swarm."

Plaintiff has allegedly obtained the internet protocol ("IP") address assigned to each Doe Defendant who allegedly participated in a swarm involving the Movie, but Plaintiff claims to be unable to further identify each Doe Defendant without subpoenaing their internet service providers ("ISPs"). Thus, Plaintiff moves the Court to issue an order allowing it to subpoena the ISPs – identified by Plaintiff as Road Runner and Time Warner Cable, *see* Dkt. No. 1-2 at 1 – for the names, addresses, and, to the extent available, e-mail addresses of each Doe Defendant.

## Analysis

I.   <u>Propriety of a Subpoena for Identifying Doe Defendants</u>

This motion is not the first of its kind – it is one of many filed nationwide and in this district by copyright holders seeking to identify and properly serve BitTorrent swarm participants. *See, e.g.*, *Combat Zone Corp. v. John/Jane Does 1-5*, No. 3:12-cv-4005-M, 2012 WL 5289736, at *1 (N.D. Tex. Oct. 26, 2012) (citing *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 240 (S.D.N.Y. 2012)). Courts have weighed several factors in determining whether such early discovery is appropriate, including: (1) whether the plaintiff makes a prima facie showing of harm; (2) the specificity of the discovery request; (3) the absence of alternative means for the plaintiff to obtain the subpoenaed

information; (4) the necessity of the subpoenaed information to advance the plaintiff's claim; and (5) the user's expectation of privacy. *See Well Go USA, Inc. v. Unknown Participants in Filesharing Swarm Identified by Hash B7FEC872874D0CC9B1372ECE5ED07AD7420A3BB*, No. 4:12-cv-963, 2012 WL 4387420, at *1 (S.D. Tex. Sept. 25, 2012) (citing cases).

As to the first factor, Plaintiff has made a prima facie showing of copyright infringement by alleging that it owns the copyright at issue and that Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization. *See* Dkt. No. 1 at ¶ 13; Dkt. No. 5 at 5. Plaintiff also provided the copyright certificate of registration, *see* Dkt. No. 1-1, and the IP addresses associated with the alleged infringers, *see* Dkt. No. 1-2. Thus, factor one weighs in favor of allowing Plaintiff to subpoena the ISPs. *See Well Go*, 2012 WL 4387420, at *2 (finding plaintiff made a prima facie showing of infringement on similar facts); *Digital Sin, Inc.*, 279 F.R.D. at 241-42 (same); *Combat Zone*, 2012 WL 5289736 at *1 (same); *Hard Drive Prods., Inc. v. Does 1–59*, Civ. A. H12-0699, 2012 WL 109611, at *1 (S.D.Tex. Mar. 30, 2012) (same).

The information sought is specific. Plaintiff identified the 20 IP addresses that allegedly participated in the swarm and seeks only the names, addresses, and, to the extent available, e-mail addresses of each Doe Defendant. Courts in other cases have held that plaintiffs seeking more information sought sufficiently specific information. *See Combat Zone*, 2012 WL 5289736 at *1. Factor two also favors early discovery.

Plaintiff alleges that it has obtained all the information that it can through

informal discovery. The Cable Privacy Act prohibits cable operators, which includes the ISPs identified here, from disclosing subscribers' personal information without their consent or a court order. *See* 47 U.S.C. § 551(c).

Finally, the privacy factor favors early discovery as well. Unlike the apparent circumstances in many of the more recent cases involving this issue, the movie at issue is not pornographic in nature. *See Combat Zone*, 2012 WL 5289736 at *1; *W. Coast Prods., Inc. v. Does 1-351*, No. 4:12-cv-00504, 2012 WL 2577551, at *1 (S.D. Tex. July 3, 2012); *Combat Zone Corp. v. Does 1-2*, No. 2:12-cv-00509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012). Additionally, the users' expectations of privacy will be protected by the Protective Order, detailed below, which will allow subscribers an opportunity to object to the information transfer to Plaintiff before it happens.

II.   Joinder

Many courts analyzing similar motions have also identified the potential impropriety of joining unknown defendants into a single action under Federal Rule of Civil Procedure 20(a). The concern is that, with as little identifying information as plaintiffs and courts have before them at this stage, it is difficult to conclude that the claims against the many defendants arise out of the same transaction or occurrence and that they share a common question of law or fact, both of which are required to properly join defendants in a single action. *See* FED. R. CIV. P. 20(a)(2).

Accordingly, some courts have opted to sever all but the first defendant. Others, however, have allowed such actions to proceed against large groups of Doe defendants, at least through this stage of limited discovery. Some courts are motivated by the

rationale that district courts should liberally construe permissive joinder of claims and parties in the interest of judicial economy. *See W. Coast Prods.*, 2012 WL 2577551 at *1. In *West Coast Productions*, the court denied a motion to sever or dismiss a subset of the 351 Doe defendants. *See id.* at 3. Yet another court found that 39 defendants who allegedly acted over a three month period had been properly joined. *Patrick Collins, Inc. v. Does 1-39*, No. 12-cv-96-AW, 2012 WL 1432224, at *2-*3 (D. Md. Apr. 23, 2012).

At this juncture, Plaintiff merely seeks identifying information to enable Plaintiff to investigate facts concerning, and formally name, each Doe Defendant, if in fact the individuals have a provable connection to the BitTorrent swarm identified in Plaintiff's complaint. It is more efficient at this phase for the Court to maintain a single case with a multiple number of Defendants to be further investigated for their putative connection to the swarm at issue, rather than multiple separate lawsuits. *See W. Coast Prods.*, 2012 WL 2577551 at *3. On these facts, the issue of joinder "is better analyzed once Defendants have been identified and served." *Well Go*, 2012 WL 4387420 at *4.

III.    Protective Order

For the reasons stated above, the Court ORDERS the following:

TCYK may immediately serve a Federal Rule of Civil Procedure 45 subpoena on the ISPs listed in Exhibit B to the Complaint [Dkt. No. 1-2] to obtain the names, current and permanent addresses, and email addresses of those individuals associated with the IP addresses also listed in Exhibit B. TCYK must attach a copy of this Order to each subpoena.

Each ISP will have 30 days from the date of service of the Rule 45 subpoena to serve the identified Doe Defendants with copies of the subpoena and this Order. Each ISP may serve Does 1 through 20 using reasonable means, including written notice sent to the Defendant's last known address, using either first-class mail or overnight service.

Does 1 through 20 shall have 60 days from the date of service of the Rule 45 subpoena and this Order to file any motions with the Court contesting the subpoena as well as any request to litigate this subpoena anonymously. No ISP may turn over a Doe Defendant's identifying information before the 60-day period has lapsed. Further, if a Defendant or ISP files a motion to quash or modify the subpoena, the ISP may not turn over any information to TCYK until the Court rules on that motion. A Doe Defendant or ISP who moves to quash or modify, or to proceed anonymously, must immediately notify all ISPs so that the ISPs are on notice not to release any of the other Doe Defendants' identifying information until the Court rules on that motion.

If the 60-day period expires without any motion contesting the subpoena, the ISPs will have 14 days in which to produce the subpoenaed information to TCYK.

Each ISP must take reasonable steps to preserve the subpoenaed information pending the resolution of any timely filed motion to quash. Any ISP may file a motion to raise any undue burden caused by this preservation obligation.

Each ISP must confer with TCYK. The ISPs may not assess any charge in advance of providing the information requested in the subpoena. Each ISP that receives a subpoena and elects to charge for the costs of production must provide a

billing summary and cost report to TCYK.

Any information ultimately disclosed to TCYK in response to a Rule 45 subpoena may be used by TCYK only for the purpose of protecting its rights as asserted in its complaint. The information disclosed is limited to use by TCYK in this litigation and may not be disclosed other than to counsel for the parties.

## Conclusion

Plaintiff TCYK, LLC's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [Dkt. No. 4.] is GRANTED subject to the requirements of the Protective Order, as detailed above.

SO ORDERED.

DATED: December 10, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE